# CRIMINAL COMPLAINT

| UNITED STATES DISTRICT COURT | CENTRAL DISTRICT OF CALIFORNIA |
|---|---|
| UNITED STATES OF AMERICA v. OLAJIDE OLUWASEUN NOIBI | DOCKET NO. JUN 29 2011 FILED CLERK, U.S. DISTRICT COURT CENTRAL DISTRICT OF CALIFORNIA BY ___ DEPUTY MAGISTRATE'S CASE NO. 11-11-1501M |

Complaint for violation of Title 18, United States Code, Section 2199

| NAME OF MAGISTRATE JUDGE MICHAEL R. WILNER | UNITED STATES MAGISTRATE JUDGE | LOCATION Los Angeles, CA |
|---|---|---|
| DATE OF OFFENSE June 24-25, 2011 | PLACE OF OFFENSE Los Angeles County and elsewhere | ADDRESS OF ACCUSED (IF KNOWN) |

COMPLAINANT'S STATEMENT OF FACTS CONSTITUTING THE OFFENSE OR VIOLATION:

On or about June 24-25, 2011, in Los Angeles County, within the Central District of California, and elsewhere, defendant OLAJIDE OLUWASEUN NOIBI, with intent to obtain transportation, having boarded, entered and secreted himself aboard an aircraft, namely the Virgin America Flight 415, at John F. Kennedy International Airport in New York, remained aboard until the aircraft landed in Los Angeles International Airport in Los Angeles, California, without the consent of the owner or person in command of the aircraft.

BASIS OF COMPLAINANT'S CHARGE AGAINST THE ACCUSED:

(See attached affidavit which is incorporated as part of this Complaint)

MATERIAL WITNESSES IN RELATION TO THIS CHARGE:

| Being duly sworn, I declare that the foregoing is true and correct to the best of my knowledge. | SIGNATURE OF COMPLAINANT Kevin R. Hogg |
|---|---|
| | OFFICIAL TITLE SPECIAL AGENT - FBI |

Sworn to before me and subscribed in my presence,

| SIGNATURE OF MAGISTRATE JUDGE(1) WILNER | DATE June 29, 2011 |
|---|---|

1) See Federal Rules of Criminal Procedure rules 3 and 54.
Initials (MA:EEA)    REC: Detention

## A F F I D A V I T

I, Kevin R. Hogg, being duly sworn, hereby declare and state:

BACKGROUND

1. I am a Special Agent with the Federal Bureau of Investigation and have been so employed for 13 years. I am currently assigned to the Los Angeles International Airport Resident Agency.

2. I have received training regarding the law of stowaways aboard aircraft and have discussed the law of stowaways with other more experienced federal agents.

3. This affidavit is made in support of a request for the issuance of a complaint and arrest warrant charging OLAJIDE OLUWASEUN NOIBI ("NOIBI") with being a stowaway aboard an aircraft, in violation of 18 U.S.C. § 2199. The statements set forth in this affidavit are based upon my training, education, experience as an FBI Special Agent, consultation with experienced law enforcement officers and agents, and other reliable sources of information relative to this investigation. This affidavit is intended to show that there is sufficient probable cause for the requested complaint. This affidavit does not purport to set forth all of my knowledge of or investigation into this matter.

1

PROBABLE CAUSE

4. 18 U.S.C. § 2199 provides in relevant part:

Whoever, without the consent of the owner, charterer, master, or person in command of any vessel, or aircraft, with intent to obtain transportation, boards, enters or secretes himself aboard such vessel or aircraft and is thereon at the time of departure of said vessel or aircraft from a port, harbor, wharf, airport or other place within the jurisdiction of the United States; or

Whoever, with like intent, having boarded, entered or secreted himself aboard a vessel or aircraft at any place within or without the jurisdiction of the United States, remains aboard after the vessel or aircraft has left such place and is thereon at any place within the jurisdiction of the United States....

[Shall be guilty of a felony and subject to imprisonment for up to five years].

5. In the early morning on June 25, 2011, I received information from a dispatch operator at the Los Angeles Department of Airports Police and the Captain of Virgin America Flight 415 Joseph Groff that NOIBI had boarded a flight on June 24, 2011 at John F. Kennedy International Airport on Virgin America, Flight 415, bound nonstop for Los Angeles. The information that follows is based on my

2

interviews of the flight crew for that Flight 415 and other Virgin America personnel.

6. I learned from Virgin America Airport Services Guest Supervisor Brett Langsdorf that NOIBI was not on the flight manifest for that Flight 415, which I know from my training and experience is mandated for each paying passenger on every U.S. domestic flight. I was further informed by the Virgin America Flight 415 flight crew that NOIBI was found on the flight, after it took off and was in flight, in a seat in the "Main Cabin Select" area. When asked for his boarding pass, NOIBI produced a boarding pass and ticket for the day before and not in his name. NOIBI initially hesitated in responding to the flight crew's request for identification, but then produced identification apparently showing his true name.

7. I interviewed Flight 415 Lead Flight Attendant Satoshi Saito. Saito said he first observed the passenger in 3E, later identified as NOIBI, to be occupying a seat that the other attendants said was supposed to be empty. Saito went to NOIBI and asked for his boarding pass. NOIBI responded that it was in his bag. When asked where the bag was, NOIBI said that it was in the overhead bin. Saito described the bag as a store bag. After the bag was retrieved, NOIBI reached into the bag and gave Saito a

boarding pass. Saito noticed that the date was wrong and asked NOIBI about it. NOIBI told Saito that the date was wrong because NOIBI had missed that flight "yesterday." Saito took the boarding pass to the Captain and slid it to him to review. The Captain then instructed Saito to ask NOIBI for further identification. At that point, NOIBI did not want to talk with Saito and was hesitant. Eventually NOIBI produced a University of Michigan identification card with his photo and his full name. Saito took the identification card to the Captain who observed that the names did not match and the date was wrong on the boarding pass. The flight crew noted that NOIBI was not on the flight manifest.

8. I was further told by Virgin America Airport Services Guest Supervisor Brett Langsdorf that Virgin America would not consent to allow a passenger to fly without payment or other bona fide form of compensation, and that NOIBI had not paid for his transit on Flight 415 nor did Virgin America have any record of anyone paying for NOIBI's travel.

9. I reviewed the boarding pass listing the name M.D. that NOIBI previously handed to the Flight Attendant. The boarding pass had been folded into fourths. I interviewed M.D. via telephone. M.D. told me that he did

print a boarding pass at his home for the June 23, 2011 flight, Flight 413, New York to Los Angeles. M.D. said he folded the boarding pass in fourths and put it in his back pocket. M.D. took the subway to the airport. When he arrived at JFK Airport, he discovered he no longer had that boarding pass in his pocket. M.D. went and obtained a new boarding pass from a ticket kiosk and then boarded Flight 413. M.D. said he did not know NOIBI.

10. On June 29, 2011, United States Custom and Border Protection Supervisor Task Force Officer ("TFO") Edward Becerril and I were present at Los Angeles International Airport ("LAX") during the boarding of Delta Airlines Flight 46 to Atlanta Georgia at the Departure Gate. Flight 46 was scheduled to depart at 6:10 a.m. At approximately 6:00 a.m., TFO Becerril and I saw NOIBI approaching the Delta Airlines departure gate counter. NOIBI then showed a Delta Customer Service Agent a portion of a green boarding pass. I saw the Delta Customer Service Agent return the boarding pass to NOIBI. TFO Becerril told me that he heard the Delta agent tell NOIBI that the ticket was from yesterday and that it was not a valid boarding pass for that flight. TFO Becerril also told me that he heard NOIBI respond that he missed his flight yesterday and that "they" told him he could just go to the gate. The Delta agent

told NOIBI "no" twice and NOIBI kept trying to hand her the boarding pass. We then approached NOIBI and asked to speak to him.

11. On June 29, 2011, I "Mirandized" NOIBI. NOIBI waived and provided the following information.

    a) NOIBI acknowledged that he did not pay for the Virgin America Flight 415 he had flown on from JFK to LAX on June 24, 2011 to June 25, 2011. NOIBI said the reason for his trip to Los Angeles was to recruit people for his software business.

    b) NOIBI said he was going to fly to Atlanta on June 28, 2011, but "they" could not get him on that flight. NOIBI said he had a reservation for June 29, 2011. NOIBI also said that he spent the night of June 28, 2011 at LAX Gate 51B, which I know is in the secure portion of the airport. NOIBI claimed he was able to go through passenger screening by obtaining a seat pass and displaying his University of Michigan identification and a police report that his passport had been stolen.

    c) I asked if he had any other boarding passes. NOIBI pulled from his rear pocket two boarding passes, including the green boarding pass he showed the Delta agent. Both boarding passes were not in his name.

   d)  NOIBI signed a handwritten consent to search. TFO Becerril and I searched his two bags, which contained over 10 boarding passes in various individual's names. NOIBI did not have any boarding passes in his own name. NOIBI did not have any picture identification, other than the University of Michigan identification he held in his hand. NOIBI said that he had no money on him and that he does not know anybody in the Los Angeles area.

   e)  NOIBI told me that he was going back to Nigeria around July 7, 2011 and returning to the United States on September 9, 2011. He claimed to already have a reservation with Virgin Atlantic Airlines for the return trip. He said that although his U.S. Passport had been stolen, he still had his Nigerian passport at home.

 12. Based on the foregoing facts, I believe there is probable cause to believe that OLAJIDE OLUWSEUN NOIBI violated 18 U.S.C. § 2199.

            *[signature]*
            KEVIN R. HOGG
            Special Agent, FBI

Subscribed and sworn to before me on this 29'" day of June, 2011.

*[signature]*
UNITED STATES MAGISTRATE JUDGE
Wilner

7